[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The plaintiff's motion to set aside the verdict is denied. While the court will not undertake to rule on the various claims renewed in the plaintiff's motion, some mention of the claim that the verdict was against the evidence is appropriate.
While it could not have been said that it was more likely than not that the jury would have returned a defendant's verdict, such a verdict was far from unexpected. The parties selected a retired engineer formerly employed by Sikorsky Aircraft to be juror. Not unexpectedly this gentleman became the foreperson. Painstakingly scrutinizing the evidence, this jury could have found that the defendant Mead was not negligent or that any negligence of his was not a proximate cause of the plaintiffs' injuries. The jury could well have found that the plaintiffs' injuries were caused — solely caused — by the negligence of the third party defendant Perkin-Elmer in erecting a 1/4 inch yellow nylon rope, without any flags attached or other warnings, behind a blind corner and across the roadway — in effect a "booby trap". The plaintiff's remedy against Perkin-Elmer, however, was not in a civil action but under the Worker's Compensation Act, of which they did avail themselves.
The defendant Perkin-Elmer's motion for judgment is granted.
LEVIN, JUDGE. CT Page 2895